

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
YVONNE NAGAIR,

                Plaintiff,

     - against –

NEW ENGLAND MOTOR FREIGHT, INC., *et al.*,

                Defendants.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**
16-CV-5898 (AMD) (RLM)

**ANN M. DONNELLY**, United States District Judge.

On May 31, 2016, the plaintiff filed this personal injury action in New York State Supreme Court against New England Motor Freight, Inc. ("NEMF") as well as an unidentified "John Doe" truck driver.[1] (ECF No. 1-2.) NEMF removed the case to this Court on October 24, 2016 (ECF No. 1), and moved for summary judgment on March 16, 2018 (ECF No. 17). I heard oral argument on May 30, 2018. NEMF's motion is granted, and the plaintiff's claims are dismissed.

## BACKGROUND[*]

On August 1, 2013, the 56-year-old plaintiff was stopped at the intersection of 153rd Street and Baisley Boulevard in Queens when a tractor trailer hit her car from behind. (ECF No. 27 ¶ 1.) The plaintiff claims that she felt a "shake" from the impact, which broke her car's rear brake light, and dented the trunk and rear bumper. (*Id.* ¶ 6.) The plaintiff got out of the car, and saw that the truck had "New England" written on its side; she called 911, and went over to the

---

[1] No attorney has appeared for the "John Doe" defendant.

[*] Unless otherwise noted, the following facts are based on my review of the entire record, including the parties' 56.1 statements. I construe the facts in the light most favorable to the plaintiff. *See Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2d Cir. 2005).

1

truck driver, who then pulled into a warehouse. (ECF No. 27 ¶¶ 6–7.) She told him that she had called 911; she "expected him to stay around," but he drove away. (*Id.*) The plaintiff went into the warehouse and spoke to a man who appeared to work there. (ECF No. 17-21 at 25:16–19; ECF No. 17-8 at 133:18–24.) He said that he had seen the accident, and referred her to the warehouse's manager. (ECF No. 17-8 at 136:24–138:13.) The manager told her that "New England Motor Enterprise" owned the truck, and gave her the company's phone number, which the plaintiff wrote down. (ECF No. 27 ¶ 7; ECF No. 17-21 at 24:23–25:13.) The plaintiff never called the company (ECF No. 27 ¶ 9), but gave her attorney the name of the company (ECF No. 17-21 at 24:25-25:13). She lost the piece of paper with the information. (ECF No. 17-8 at 143:9–19.)

An ambulance arrived shortly thereafter, but the plaintiff decided not to go to the hospital, even though her back hurt, because she wanted to speak to the police. (ECF No. 27 ¶ 16.) The police officers arrived, spoke with the plaintiff, and took a report. (*Id.* ¶ 8.) The plaintiff drove home. (*Id.* ¶ 16.) The next day, she went to a doctor for pain in her neck, lower back, and right shoulder. (*Id.* ¶ 18.) During the next year, the plaintiff had various treatments, including "chiropractic [sic], acupuncture, epidural lumbar injections and physical therapy." (*Id.* ¶ 19.) On April 10, 2015, more than two and a half years after the collision, she had arthroscopic surgery to repair a labral tear in her right shoulder. (*Id.* ¶ 20.)

On May 31, 2016, the plaintiff brought this negligence action against NEMF in state court, alleging that it owned and operated the truck that hit her car in August 2013. (ECF No. 1-2.) She seeks money damages for physical injuries and for the damage to her car. (*Id.* ¶¶ 27–39.) On October 24, 2016, NEMF removed the action to federal court. (ECF No. 1.) The defendant NEMF moved for summary judgment on March 16, 2018. (ECF No. 17.)

## DISCUSSION

Summary judgment is appropriate only if the parties' submissions show that there is "no genuine dispute as to any material fact," and that the movant is therefore "entitled to judgment as matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the [non-moving] party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quoting *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998)). The movant has the "burden of showing the absence of any genuine dispute as to a material fact." *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997). "Once the moving party has met this burden, the party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 349 (E.D.N.Y. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "The non-moving party 'may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that [her] version of the events is not wholly fanciful.'" *Id.* (quoting *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998)). The Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010).

When federal jurisdiction is based on diversity, as it is here, "the law of the state in which the accident occurred is applied." *Covey v. Simonton*, 481 F. Supp. 2d 224, 231 (E.D.N.Y. 2007) (citations omitted). To prove negligence under New York law, "the plaintiff must establish three elements: (1) that defendant owed plaintiff a duty of care; (2) that defendant breached that duty; and (3) that the breach was the proximate cause of plaintiff's injury." *Luizzi v. Pro Transp. Inc.*,

No. 02–CV–5388, 2009 WL 252076, at *4 (E.D.N.Y. Feb. 2, 2009) (citing *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) and *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985)); *Peralta v. Quintero*, 20 F. Supp. 3d 462, 464 (S.D.N.Y. 2014), *aff'd*, 669 F. App'x 64 (2d Cir. 2016). The plaintiff has not established any of these elements, because she has not shown that NEMF or its employees had anything to do with the accident.

The plaintiff says that she sued NEMF because a warehouse manager told her that "New England Motor Enterprise" owned the truck.[2] (ECF No. 17-21 at 24:23–25:13; ECF No. 17-8 at 141:9-142:20.) The defendant is New England Motor Freight, Inc., not "New England Motor Enterprise." As plaintiff's counsel conceded at oral argument, the plaintiff identified the defendant only because the defendant's website was the first hit in her Google search for "New England Motor Enterprise." (May 30, 2018 Oral Argument Tr. 8:4–15.) The only other evidence the plaintiff cites is her observation that the truck had the words "New England" on its side. (*See id.* at 8:19–23.) The mere presence of the words "New England," however, does not establish that NEMF—as opposed to one of the other hundreds of companies with "New England" in their names (*see* ECF No. 17-22)—owned the truck. NEMF's Vice President of Risk Management affirmed that in 2013, NEMF's trucks did not have "New England" written on them in 2013, an assertion that the plaintiff does not sufficiently address.[3] (ECF No. 17-1 ¶ 12; ECF No. 17-10 ¶ 10.)

---

[2] The manager has never been identified, and her statement to the plaintiff appears to be hearsay which cannot be used to defeat summary judgment. The plaintiff does not assert that the testimony falls under a hearsay exception or that she would be able to proffer this evidence in an admissible form at trial. *Smith v. City of New York*, 697 F. App'x 88, 89 (2d Cir. 2017) (summary order) (Although "material relied on at summary judgment need not be admissible in the form presented to the district court," it must be possible to "'present[] [it] in admissible form at trial'" to be considered. (quoting *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001) (per curiam)).

[3] In her 56.1 counterstatement, the plaintiff claims that she has not received the affidavit or supporting evidence, but she does not cite any evidence to controvert the statements. (ECF No. 27 ¶¶ 10–15.) The plaintiff does not "address [the defendant's] assertion[s] of fact," so I consider these facts undisputed. *See* Fed. R. Civ. P. 56(e).

No reasonable jury could find that the plaintiff's allegations—that her car was hit by a truck with "New England" written on it and that NEMF had the misfortune of being the first hit in her Google search for a company with a different name—are enough to hold NEMF responsible for the accident.[4] Under these circumstances, NEMF is entitled to judgment as a matter of law, and the motion for summary judgment is granted. *See Ortiz v. Eagle Crane Corp.*, No. 94–CV–3661, 1998 WL 160977, at *3 (E.D.N.Y. Mar. 30, 1998) (granting motion for summary judgment and dismissing a defendant where the plaintiffs failed to establish that the defendant had "any relationship to . . . the accident" and the defendant "submitted ample evidence that refutes all . . . attempts to connect [it] with this accident").[5]

## CONCLUSION

I grant NEMF's motion for summary judgment. The Clerk of the Court is respectfully directed to enter judgment in favor of the defendant NEMF and to dismiss the case.[6]

---

[4] It is difficult to see the point of the plaintiff's argument—made for the first time in her opposition—that the "freight/building" from which the truck emerged was "owned and/or operated by defendant" (ECF No. 19 ¶ 28); she concedes that International Bonded Couriers, not NEMF, operated the warehouse (ECF No. 17-17 at 1).

[5] It is not necessary to reach the defendant's claim that the plaintiff did not sustain a "serious injury" under New York Insurance Law §5102(d). (ECF No. 17-23 at 13–20.)

[6] Although the "John Doe" truck driver has not entered an appearance in this action and does not move for summary judgment, I *sua sponte* dismiss the action against this defendant because the case has been pending for two years—and the accident occurred over five years ago—and the plaintiff has not identified this defendant. *See Charles v. Cty. of Nassau*, 116 F. Supp. 3d 107, 110, n.1 (E.D.N.Y. 2015) (Court *sua sponte* dismissed John Doe defendants where the plaintiff failed to identify the defendants); *Kearse v. Lincoln Hosp.*, No. 07–CV–4730, 2009 WL 1706554, at *3 (S.D.N.Y. June 17, 2009) (Where a plaintiff "has had ample time to identify" a John Doe defendant but gives "no indication that he has made any effort to discover the [defendant's] name," the plaintiff "cannot continue to maintain a suit against" the John Doe defendant.); *Blake v. Race*, 487 F. Supp. 2d 187, 192 n.1 (E.D.N.Y. 2007) (dismissing without prejudice claims against "John Doe" defendants "because plaintiff [had] an opportunity to pursue discovery to identify the unknown defendants but failed to do so" (internal quotation marks and citations omitted) (alteration in original)).

**SO ORDERED.**

                                               s/Ann M. Donnelly
                                            _____
                                            Ann M. Donnelly
                                            United States District Judge

Dated: Brooklyn, New York
         November 30, 2018